David MOORER, Plaintiff—Appellant,

v.

**MERISTAR FOR MARRIOTT, DOWNTOWN LA; et al., Defendants—Appellees.**

No. 03–57070.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

David Moorer, North Hollywood, CA, pro se.

Jeffrey P. Fuchsman, Esq., John J. Manier, Ballard, Rosenberg, Golper & Savitt LLP, Universal City, CA, for Defendants–Appellees.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

David Moorer appeals pro se the district court's summary judgment in favor of his former employer and fellow employees in his Title VII action alleging discrimination based on race and religion, retaliation and harassment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

Moorer failed to establish a prima facie case of disparate treatment based on race because he did not produce any evidence that defendant Meristar treated other similarly situated employees, not in the protected class, more favorably. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The district court properly dismissed Moorer's claims of discrimination based on religion, retaliation and harassment because Moorer did not include these claims in his charge filed with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994) (plaintiffs must exhaust administrative remedies before seeking federal adjudication of claims).

Moorer's remaining contentions lack merit.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

